IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              No. 1:08-cr-10049-JDB-1

TONY STEWART,

    Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD AND
DENYING REQUEST FOR COMPASSIONATE RELEASE ON RECONSIDERATION
_____

In an order entered May 5, 2020, this Court denied the pro se emergency motion of Defendant, Tony Stewart, for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) for failure to exhaust administrative remedies. (Docket Entry ("D.E.") 239.) Before the Court is his June 12, 2020, pro se motion for reconsideration. (D.E. 240.) Also pending is Defendant's July 31, 2020, motion to supplement the record. (D.E. 243.) The latter motion is GRANTED, and the Court will consider the record as supplemented.

In its response (D.E. 244), the Government advises the Court that, while not conceding it has occurred, it will proceed as if exhaustion is not an issue. As § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule, it must be enforced when "properly invoked." *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) (citing *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017)). That is, "[a] claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it." *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). Such rules may be waived or forfeited. *Alam,* 960 F.3d at 834. Here, the

1

Court finds the Government has waived any objection to Defendant's motion on exhaustion grounds and, thus, will proceed to the merits. *Cf. id.* (finding no waiver where "government timely objected to Alam's failure to exhaust at every available opportunity"); *see also United States v. Smith*, No. 3:02-CR-78-TAV-DCP, 2020 WL 4275034, at *2-3 (E.D. Tenn. July 24, 2020) (where government waived any objection to defendant's motion for § 3582 relief on exhaustion grounds, court may consider merits of request).

Section 3582(c)(1)(A) permits the court to reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In 28 U.S.C. § 994(t), Congress assigned to the United States Sentencing Commission the duty, in "promulgating general policy statements regarding the sentencing modification provisions in [§] 3582(c)(1)(A)," to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *see also United States v. Medlin*, No. 3:09-cr-00204, 2020 WL 4016427, at *2 (M.D. Tenn. July 15, 2020)). That policy statement is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *United States v. Thomas*, No. 3:18-CR-006, 2020 WL 3965972, at *2 (E.D. Tenn. July 13, 2020).

The policy statement requires the court to make certain findings: whether "[e]xtraordinary and compelling reasons warrant the reduction"; whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and whether any reduction in sentence is consistent with the policy statement. U.S.S.G. § 1B1.13. The application

notes to § 1B1.13 provide that extraordinary and compelling reasons exist under any of the following circumstances[1]:

    (A)    Medical Condition of the Defendant.

        (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii)    The defendant is--

            (I)    suffering from a serious physical or mental condition,

            (II)    suffering from a serious functional or cognitive impairment, or

            (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B)    Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)    Family Circumstances.

        (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

---

[1] "While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Tolbert*, No. 3:08-CR-142-CRS, 2020 WL 3964752, at *3 n.5 (W.D. Ky. July 13, 2020); *Thomas*, 2020 WL 3965972, at *2. "There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the [c]ourt should consider." *Tolbert*, 2020 WL 3964752, at *3 n.5 (citing *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019)).

>> (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D)  Other Reasons.  As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*Id.* (Application Note 1).  It is the burden of a defendant to demonstrate to the court that his health concerns constitute extraordinary and compelling reasons warranting a sentence reduction.  *United States v. Bicy*, Case No. 17-20256, 2020 WL 4584074, at *2 (E.D. Mich. Aug. 10, 2020).

From a review of Defendant's filings, it appears to the Court that the only circumstance listed in the application note of relevance here is subsection (A)(ii).  In his motion for reconsideration, Stewart, who is fifty years old, seeks compassionate release due to a history of Parkinson's Disease, for which he has received aggressive treatment within the BOP including implantation of a deep brain stimulator in December 2019, as well as "[neurological] progressive disease [and] endocrinological disease which causes him to aspirate frequently thus raising the risk factor of COVID-19 virus to his pulmonary system."  (D.E. 240 at PageID 575.)  However, copies of his medical records provided by the Government under seal contain no mention of a diagnosis of endocrinological or pulmonary disease, or of any neurological condition other than Parkinson's.  In his supplemental filing, he adds that he suffers from a sprained shoulder, which, according to his medical records, occurred when he slid into base during a ball game in the prison recreation yard in March 2020.  (*See* D.E. 244-4 at PageID 918, 924, 931.)  The records also reflect that he tested positive for COVID-19 on April 24, 2020, was asymptomatic, and was released from isolation on May 15, 2020.  (*Id.* at PageID 905.)

4

The Centers for Disease Control and Prevention ("CDC") has advised that the risk of severe illness from the virus increases with age and the presence of underlying medical conditions. https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical conditions.html (last visited Sept. 17, 2020). Underlying medical conditions that render one at increased risk, no matter his age, include cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state from a solid organ transplant, obesity, serious heart conditions, sickle cell disease, and Type 2 diabetes mellitus. *Id.* Conditions that *might* result in increased risk include asthma; cerebrovascular disease; cystic fibrosis; hypertension; an immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; neurologic conditions, such as dementia; liver disease; pregnancy; pulmonary fibrosis; smoking; thalassemia; or Type 1 diabetes mellitus. *Id.*

Parkinson's has been found to be a serious physical or mental condition under § 1B1.13(A)(ii). *See United States v. Ben-Yhwh*, ___ F. Supp. 3d ___, 2020 WL 1874125, at *5 (D. Haw. Apr. 13, 2020), *appeal filed* (9th Cir. May 12, 2020) (No. 20-10153). However, the § 1B1.13 application note requires that a serious physical or mental condition "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 (Application Note 1). Stewart's medical records reveal that, while he reports Parkinson's tremors, he ambulates independently without assistance or devices. (*See* D.E. 244-4 at PageID 892, 928.) Indeed, the mere fact that he was playing baseball would seem to indicate that he does not have a substantially diminished ability to self-care. Moreover, also in March 2020, he requested and was medically cleared for a gate pass to work outside the facility's fence. (*Id.* at PageID 928-29.) Although at one time he was unable to stand to urinate due to Parkinson's, he

5

was able to do so as of March 2020. (*Id.* at PageID 928.) There is no other evidence in the record to suggest he cannot provide for his personal needs. With respect to his shoulder, the last notation in the medical records regarding his injury dates to May 22, 2020, and states that, although the right shoulder joint was "deformed with [a] prominent bony protuberance in the cranial portion," there was "[n]o tenderness or decreased [range of motion]." (*Id.* at PageID 902.) Stewart reported at the time that the shoulder was "not hurting" and that he did not want surgery until he got out of prison. (*Id.*)

Because he has failed to present any evidence to the Court that his health issues rise to the level of those described in the § 1B1.13 application note, Stewart has fallen short of meeting his burden of demonstrating extraordinary and compelling reasons for § 3582(c)(1)(A) relief. *See United States v. Fata,* Case No. 13-cr-20600, 2020 WL 3888043, at *5 (E.D. Mich. July 10, 2020) (where none of petitioner's illnesses rose to the level of a condition that "substantially diminishe[d]" his ability to provide self care within the facility, his burden of showing an extraordinary and compelling reason for a sentence reduction had not been met), *appeal filed* (6th Cir. Aug. 12, 2020) (No. 20-1762). Accordingly, his request on reconsideration is DENIED.[2]

The Clerk is DIRECTED to mail a copy of this order to the Defendant at the prison facility address listed on the docket.

IT IS SO ORDERED this 18th day of September 2020.

                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE

---

[2] In light of its conclusion that extraordinary and compelling reasons have not been shown, the Court deems it unnecessary to analyze the remaining requirements for entitlement to compassionate release.